UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KEN JOHANSEN, on behalf of himself and others
similarly situated,

            Plaintiff,

   vs.

SANTANNA NATURAL GAS CORPORATION,
d/b/a SANTANNA ENERGY SERVICES,

            Defendant.

Case No.   1:17-CV- 03604

Hon. Samuel Der-Yeghiayan

## ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, SANTANNA NATURAL GAS CORPORATION, dba SANTANNA ENERGY SERVICES, by its attorneys, Gordon & Rees Scully Mansukhani, LLP, and for its Answer to Plaintiff's Complaint states as follows:

## ANSWER
### Preliminary Statement

1.     Plaintiff Ken Johansen ("Plaintiff" or "Mr. Johansen") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

**ANSWER:   Defendant admits that Plaintiff is attempting to assert claims against it pursuant to the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"). Defendant denies liability to Plaintiff under the TCPA.**

2.     In violation of the TCPA, Defendant Santanna Natural Gas Corporation dba Santanna Energy Services ("Santanna") placed telemarketing calls to a telephone number Mr.

1

Johansen had registered on the National Do Not Call Registry for the purposes of advertising their goods and services.

**ANSWER: Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.**

3. Mr. Johansen never consented to receive these calls, and they were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Johansen brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of the Defendant.

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and on that basis denies same.**

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER: Defendant denies the allegations contained in paragraph 4 of Plaintiff's Complaint.**

### Parties

5. Plaintiff Ken Johansen is a resident of the state of Ohio.

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and on that basis denies same.**

6. Defendant Santanna Natural Gas Corporation dba Santanna Energy Services is a Texas corporation that has its principal office at 425 Quadrangle Dr., Bolingbrook, Illinois.

**ANSWER: Defendant admits that it is a Texas corporation but denies that its principal office is at 425 Quadrangle Dr., Bolingbrook, Illinois.**

2

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

**ANSWER:     Admitted.**

8.      Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Defendant is a resident of this district, which is where the illegal telemarketing calls that are the subject of this putative class action lawsuit originated.

**ANSWER:     Defendant admits that venue is proper but denies that it made any illegal telemarketing calls.**

## TCPA Background

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER:     With regards to the first sentence of paragraph 9 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of this allegation.  With regards to the second sentence of paragraph 9 of Plaintiff's Complaint, Defendant admits that Plaintiff accurately cited a portion of the TCPA but denies any liability under that statutory provision.**

10.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER:     Paragraph 10 of Plaintiff's Complaint alleges legal conclusions,**

characterizations, or arguments to which no response is required.  To the extent a response is required, Defendant denies those allegations.

11.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:  Paragraph 11 of Plaintiff's Complaint alleges legal conclusions, characterizations, or arguments to which no response is required.  To the extent a response is required, Defendant denies those allegations.**

12.     A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

**ANSWER:  Paragraph 12 of Plaintiff's Complaint alleges legal conclusions, characterizations, or arguments to which no response is required.  To the extent a response is required, Defendant denies those allegations.**

13.     The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 4.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id*.

**ANSWER:  Paragraph 13 of Plaintiff's Complaint alleges legal conclusions, characterizations, or arguments to which no response is required.  To the extent a response is required, Defendant denies those allegations.**

### Factual Allegations

14.     Mr. Johansen's home telephone number, (614) 791-XXXX, has been on the National Do Not Call Registry for more than ten years prior to receipt of the calls from the Defendant.

**ANSWER:   Defendant lacks sufficient knowledge or information sufficient to**

4

**form a belief as to the truth of the allegations in paragraph 14, and on that basis denies same.**

15.     Mr. Johansen has never removed his residential telephone number from the National Do Not Call Registry.

**ANSWER:   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies same.**

16.     On October 29, 2016, February 2, 2017, and March 17, 2017, Mr. Johansen received a call from a telemarketer using the Caller ID of 330-272-9904.

**ANSWER:   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies same.**

17.     On March 24, 2017, Mr. Johansen received a fourth telemarketing call from the Caller ID of 330-272-9904. During this fourth telemarketing call, Mr. Johansen spoke with a representative named "Kelly Smith" who initially claimed to be from "Choice Energy, a Department for AEP, the electric company."

**ANSWER:   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and on that basis denies same.**

18.     During this call with Ms. Smith, Mr. Johansen was asked to provide a "service delivery identifier number" from his current AEP electric bill in order to be provided with a quote for switching his electricity provider to the one being offered by Ms. Smith.

**ANSWER:   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies same.**

19.     Mr. Johansen provided this number to Ms. Smith and continued to engage with her in an effort to ascertain the true identity of the entity responsible for the illegal telemarketing

calls that he had continued to receive from the Caller ID of 330-272-9904.

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies same.**

20. Near the conclusion of the call, Ms. Smith informed Mr. Johansen that "what's going to happen next is the confirmation department will call you after I hang up the phone ... they are about to call you right away."

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies same.**

21. Within five minutes of hanging up the call with Ms. Smith, Mr. Johansen received a fifth telemarketing call from a representative of Defendant Santanna, this time utilizing the Caller ID of 773-242-6105.

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies same.**

22. The caller during this fifth call identified himself as "James Kelvin" and stated that he was calling "on behalf of Santanna Energy Services" and provided a rate quote for electric services that was identical to that specified by Ms. Smith in the fourth call to Mr. Johansen. During the call, Mr. Kelvin claimed that what Mr. Johansen was being offered was part of the "energy choice program" from Santanna.

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies same.**

23. Given the timing of the calls and the specificity of the language and rates used by Ms. Smith and Mr. Kelvin, there is no doubt that all five of the telemarketing calls identified above were made by Santanna to market its goods or services.

6

**ANSWER:   Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24.     The purpose of these calls was to generate sales for Santanna.

**ANSWER:   Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25.     Plaintiff is not a customer of Defendant and has not provided Defendant with his personal information or telephone number.

**ANSWER:   Admitted.**

26.     Unfortunately, Plaintiff is not the only individual who has been disturbed by Santanna's calling practices:

> A.     "Santana Energy Service- continue to call everyday despite request to be taken of their call list as not interested." https://2000i.net/9548674631.who.called (Last Visited May 5, 2017).

> B.     "Santana Energy. Call back and hit 0 and they said they would put me on their Do not call list. My # was on the Federal Do not call list, however, so informed them they're breaking federal law." http://800notes.com/Phone.aspx/1-312-690-7260 (Last Visited May 5, 2017).

**ANSWER:   Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis denies same.**

27.     In fact, some of the complaints were made relating to the same Caller ID that called the Plaintiff:

> A.     "Tired of this caller who does not leave any info.a total of 9 calls in a two day period.have called the fcc concerning this call. *Caller: Would not say unless I would do business with them.*" http://800notes.com/Phone.aspx/1-330-272-9904 (Last Visited May 5, 2017).

> B.     "Telemarkers trying to sell you on switching energy providers. Hung up on me when I challenged her right to legally call." http://800notes.com/Phone.aspx/1-330-272-9904 (Last Visited May 5, 2017).

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies same.**

28. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded.

**ANSWER: Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.**

29. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance, and disturbed the solitude of Plaintiff and the class.

**ANSWER: Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.**

**Class Action Allegations**

30. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

**ANSWER: Defendant admits that the Plaintiff is attempting to bring this claim on behalf of a class. Defendant denies Plaintiff is entitled to the relief requested.**

31. The class of persons Plaintiff proposes to represent is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry, and who, within the four years before the filing of the initial Complaint, through the date of class certification, received more than one telemarketing call within any twelve-month period from, or on behalf of, Defendant.

**ANSWER: Defendant admits that the Plaintiff is attempting to bring this claim on behalf of a class. Defendant denies Plaintiff is entitled to the relief requested.**

32. Excluded from the class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom

this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER: To the extent Paragraph 32 of Plaintiff's complaint alleges legal conclusions or a description of this action, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint, and further denies that this cause of action can or should be maintained as a class action.**

33.     The class as defined above is identifiable through phone records and phone number databases.

**ANSWER: Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.**

34.     The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

**ANSWER: Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.**

35.     Plaintiff is a member of the class.

**ANSWER: Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.**

36.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

      a.     Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

      b.     Whether Defendant placed calls without obtaining the recipients' prior consent for the call; and

      c.     Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

**ANSWER: Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.**

37.     Plaintiff's claims are typical of the claims of class members.

**ANSWER: Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.**

38. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

**ANSWER: Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.**

39. The actions of the Defendant are generally applicable to the class and to Plaintiff.

**ANSWER: Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.**

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

**ANSWER: Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.**

41. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER: Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.**

42. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER: Defendant lacks sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and on that basis denies same.**

## Legal Claims

### Count One:
### Violation of the TCPA's Do Not Call Provisions

43.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER:    Defendant incorporates by reference its previous responses as if fully set forth herein.**

44.    The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that others made those calls on its behalf. See 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

**ANSWER:    Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.**

45.    The Defendant's violations were negligent and/or knowing.

**ANSWER:    Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.**

WHEREFORE, Defendant prays that this Honorable Court dismiss Plaintiff's Complaint, award Defendant costs and attorney fees, and award such other relief as this Court deems appropriate.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's action is not maintainable as a class action because Plaintiff fails to satisfy the applicable requirements of federal law.

11

## THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff lacks standing to assert the claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims and/or claims of putative class members are barred or limited because their alleged injuries were caused in whole or in part by the acts or omissions of third parties over which Defendant has no control, and/or by the acts or omissions of Plaintiff or the putative class.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's claims and/or the claims of putative class members are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, and consent.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff's claims are limited to the extent that Plaintiff and some or all of the members of the putative class failed to mitigate their alleged damages.

## EIGTH AFFIRMATIVE DEFENSE

8.      In the context of a class action, the statutory damages allowed under the TCPA violate the Defendant's Substantive Due Process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States of America, as they are grossly disproportionate to the damages incurred by the class members and would create ruinous economic harm to the Defendant.

## RESERVATION OF AFFIRMATIVE DEFENSES

Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

## JURY DEMAND

Defendant demands a trial by jury on all issues subject to trial by jury.

Respectfully submitted,

SANTANNA NATURAL GAS
CORPORATION, dba SANTANNA
ENERGY SERVICES

By: Thomas J. Hayes_____
    One of its Attorneys

Thomas J. Hayes (6280179)
thayes@gordonrees.com
Paul Gamboa (6282923)
pgamboa@gordonrees.com
Stephanie F. Jones (6313160)
sfjones@gordonrees.com
Gordon & Rees Scully Mansukhani LLP
One North Franklin, Suite 800
Chicago IL 60606
(312)419-6919

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on June 19, 2017, a true and complete copy of Defendant's *Answer and Affirmative Defenses to Complaint* was served upon all counsel of record via the United States District Court for the Northern District of Illinois' CM/ECF system.

13

Respectfully submitted,


By Thomas J. Hayes_____
*Attorney for Defendant*
*Santanna Natural Gas Corporation d/b/a*
*Santanna Energy Services*