# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEN JOHANSEN on behalf of themselves and others similarly situated, | Case No. 17-cv-03604 |
|       Plaintiff, | |
| v. | |
| SANTANNA NATURAL GAS CORPORATION, dba SANTANNA ENERGY SERVICES, | |
|       Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered into as of August 21, 2018 by and among Ken Johansen ("Plaintiff"), individually and on behalf of the class of persons he seeks to represent (the "Settlement Class" defined below), and Santanna Natural Gas Corporation d/b/a Santanna Energy Services ("Defendant") (Plaintiff, the Settlement Class, and Defendant are collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle this Action (defined below) and the Released Claims (defined below) with prejudice, upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On May 12, 2017, the Plaintiff filed a putative class action complaint (the "Complaint") against Defendant. The Complaint alleged that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by making unsolicited telemarketing calls to Plaintiff and members of the putative class.

B.      On December 5, 2017, The Defendant filed a Third-Party Complaint (the "Third-Party Complaint") against Liberal United Marketing, Inc. and Jacob T. Adigwe, (the "Third-Party Defendants") asserting claims for: (1) Contractual Indemnity; (2) Breach of Contract; (3) Negligence; and (4) Intentional Misrepresentation.

C.      Defendant denied and continues to deny Plaintiff's allegations in the Complaint and maintains that it complied with the TCPA and all applicable laws to the extent it made any telephone calls at issue in the Action. Defendant further maintains that if this Action were to be litigated, the Action would not be appropriate for class treatment. Defendant is entering into this Agreement to avoid the expense, time, and risk associated with the continued defense of the Action through dispositive motions, class certification, trial, and any subsequent appeals. Defendant and Defendant's Counsel also have considered the uncertainty, difficulty, and delays inherent in litigation, especially in this complex class action. Therefore, Defendant and Defendant's Counsel believe it is desirable that this Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Neither the fact of Settlement, this Agreement, nor any consideration therefor, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be an admission or concession of liability or of the validity of any claim or of any point of law or fact based upon, arising out of, relating to, or otherwise in connection

with the allegations asserted or that could have been asserted in this Action, and shall not be deemed or construed to be an admission or evidence for any purpose whatsoever. Neither the fact of Settlement, this Aagreement, nor any consideration therefore, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be a waiver of any of the claims Defendant has asserted against Third-Party Defendants.

D.     Plaintiff believes that the claims asserted in the Action have merit. Nonetheless, Plaintiff and his counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against Defendant through dispositive motions, class certification, trial, and any subsequent appeals. Plaintiff and Plaintiff's counsel also have considered the uncertainty, difficulties, and delays inherent in litigation, especially in complex actions. Therefore, Plaintiff and Plaintiff's counsel believe that it is desirable that the Action and the Released Claims be fully and finally compromised, settled, dismissed with prejudice, and barred pursuant to the terms set forth herein. Based on their evaluation, which they have confirmed by consulting with their own experts and by performing discovery, Plaintiff and Plaintiff's counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate for the Settlement Class, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

E.     The Parties have engaged in wide-ranging discovery and have extensively investigated the facts and issues related to the allegations asserted in the Action, and have sufficient information to evaluate Settlement and this Agreement. The Parties participated in a full-day mediation session in Chicago, IL with the Hon. Morton Denlow (Ret.) of JAMS which resulted in this Settlement.

F.      The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of the disputed allegations, facts, and claims alleged or that could have been alleged in this Action. The Parties further understand, acknowledge, and agree that this Settlement Agreement, including all terms hereof, shall be inadmissible as evidence against any of the Parties in any proceeding whatsoever except any such proceeding to enforce the terms of this Settlement Agreement. The Parties further understand, acknowledge, and agree that this Settlement Agreement is not an admission of wrongdoing or liability on the part of any Party to this Settlement Agreement. The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and claims based upon, arising out of, related to, or otherwise in connection with the allegation in this Action as set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their undersigned respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and without admitting or conceding any liability or damages based upon, arising out of, related to, or otherwise in connection with the allegations asserted in this Action, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## **AGREEMENT**

As used in this Agreement and the exhibits attached hereto, the terms set forth below shall have the meanings set forth below. The singular of a term shall include the plural of the

term, and the plural of a term shall include the singular of the term. A masculine, feminine, or neuter pronoun shall include each of the other genders.

1.      **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1      "**Action**" means the matter of *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services*, Civil Action No. 17-cv-03604, currently pending in the United States District Court for the Northern District of Illinois.

1.2      "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement.

1.3      "**Attorneys' Fees and Costs**" means all fees, costs, and expenses to be awarded to Class Counsel, if any, as per this Settlement Agreement pursuant to the Fee and Cost Application. The Attorneys Fees and Costs shall be paid exclusively from the Settlement Fund.

1.4      "**Benefit Check**" means the negotiable instrument to be sent to the Settlement Class Members by the Settlement Administrator pursuant to this Settlement Agreement.

1.5      "**CAFA Notice**" means the notice contemplated by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be provided by the Settlement Administrator pursuant to this Settlement Agreement.

1.6      "**Cash Benefits**" means the cash payment to a Settlement Class Member from the Settlement Fund pursuant to this Settlement Agreement.

1.7      "**Claim Deadline**" means the date stated in the Postcard Notice, the Claim Form, and the Long Form Notice by which claims must be postmarked.

1.8    **"Claim Form"** means the claim form attached hereto as <u>Exhibit 4</u>, which shall be posted to the Settlement Website, and will be available via mail to Settlement Class Members upon request.

1.9    **"Class Counsel"** means:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>     -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>     -and-
> Brian K. Murphy
> Jonathan P. Misny
> MURRAY MURPHY MOUL + BASIL LLP
> 1114 Dublin Rd.
> Columbus, Ohio 43215

1.10    **"Class List"** means the information provided by Plaintiff's expert, Anya Verkhovskaya, which includes, among other things, the telephone numbers, names, and addresses, where available, of the Settlement Class.

1.11    **"Class Notice"** means any type of notice that has been or will be provided to the Settlement Class pursuant to this Agreement and any additional notice that might be ordered by the Court, including, but not limited to, the Postcard Notice, Claim Form, and the Long Form Notice.

1.12    **"Class Representative"** or "**Plaintiff**" means Ken Johansen.

1.13    **"Court"** means the United States District Court for the Northern District of Illinois.

1.14    **"Cy-Pres Recipient"** means any third party nominated by the Court to receive the amounts left from any uncashed Benefit Checks. The Parties agree that they will propose to the Court the National Consumer Law Center to be the Cy-Pres Recipient.

1.15    **"Defendant's Counsel"** means:

>   Thomas Hayes
>   GORDON REES SCULLY MANSUKHANI, LLP
>   One North Franklin, Suite 800
>   Chicago, Illinois 60606

1.16    **"Effective Date"** means the last date by which all of the following events have occurred: (i) the Court entering the Final Approval Order and Judgment without material change; and (ii) the expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and all appeals have been exhausted; and (iii) The Final Approval Order and Judgment has become Final.

1.17    **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel. The Fee Award shall be paid exclusively from the Settlement Fund.

1.18    **"Fee and Cost Application"** means that written motion or application, if any, by which Plaintiff or Class Counsel request the Court award Attorneys Fees and Costs and the Incentive Award.

1.19    **"Final"** means the Final Approval Order and Judgment has been entered in the Action and one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and

Judgment; (ii) if there is an appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion of such appeal or appeals in a manner that finally affirms and leaves in place the Final Approval Order and Judgment; or (iii) the Court, following the resolution of any appeal or appeals of any matter, topic, ruling, order, or issue in the Action, other than an appeal or appeals solely with respect to the Fee Award, enters a further order or orders approving the Settlement without material modification of the terms set forth herein, and no further appeal is taken from such order(s) or, in the event any further appeal is taken from such order(s), any such appeal results in the affirmation of such order(s). Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

1.20 **"Final Approval Hearing"** means the hearing before the Court, scheduled to take place no sooner than one hundred (100) days after the filing of the Motion for Preliminary Approval, at which: (i) the Parties shall request and the Court shall consider final approval of the Settlement, final certification of the Settlement Class, and entry of the Final Approval Order and Judgment; (ii) the Court shall consider any timely objection to this Settlement and all responses thereto; (iii) the Court shall consider the Fee and Cost Application; and (iv) the Court shall dismiss the Action with prejudice.

1.21 **"Final Approval Order and Judgment"** means the Court's final approval of this Settlement Agreement through an order, substantially in the form of Exhibit 1 attached hereto without material change, to be entered by the Court through the entry of an order following the Final Approval Hearing in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal

of the Action with prejudice. The form of the Final Approval Order and Judgment is a material term of this Settlement Agreement.

1.22 "**Incentive Award**" means the payment to the Class Representative pursuant to this Settlement Agreement. The Incentive Award shall be paid exclusively from the Settlement Fund.

1.23 "**Long Form Notice**" means the notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 2 hereto, or in such similar form as may be ordered by the Court. The Long Form Notice shall be made available on the Settlement Website.

1.24 "**Objection/Exclusion Deadline**" means the date no later than eighty-one (81) calendar days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, by which (i) a written objection to this Settlement Agreement must be filed in the Action, or (ii) a Request for Exclusion must be postmarked. The Objection/Exclusion Deadline shall be posted to the Settlement Website described in this Settlement Agreement.

1.25 "**Parties**" means Plaintiff, the Settlement Class, and Defendant.

1.26 "**Postcard Notice**" means the postcard notice that is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 3 hereto, or in such similar form as may be ordered by the Court.

1.27 "**Preliminary Approval Order**" means the Court's preliminary approval of this Settlement through entry of a Court order, substantially in the form of Exhibit 5 attached hereto without material modification, in which the Court: (i) preliminarily approves the term and conditions of this Settlement Agreement as fair and reasonable; (ii) certifies the Settlement Class solely for settlement purposes; (iii) approves the manner and form of Class Notice; (iv)

authorizes the dissemination of Class Notice to the Settlement Class; (v) directs the manner in which and deadline by which Settlement Class Members may submit a Request for Exclusion; (vi) appoints the Settlement Administrator; and (vii) and schedules a Final Approval Hearing. The Form of the Preliminary Approval Order is a material term of this Settlement Agreement.

1.28    "**Release**" means the releases set forth in Section 6 of this Settlement Agreement.

1.29    **"Released Parties"** means Defendant and any and all of its present or former predecessors, successors, subsidiaries, affiliates, divisions, joint ventures, and entities in which Defendant has a controlling interest, and any of its officers, directors, partners, members, principals, insurers, insureds, employees, shareholders, attorneys, servants, assigns, representatives, and agents.

1.30    **"Releasing Parties"** means Plaintiff and each Settlement Class Member, and their respective present, former, or subsequent assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees, and any other person acting on their behalf.

1.31    "**Request for Exclusion**" means the written submission submitted by any person in the Settlement Class to opt out of the Settlement pursuant to this Settlement Agreement.

1.32    **"Settlement"** means the settlement contemplated by this Agreement, including all exhibits attached hereto.

1.33    **"Settlement Administration Expenses"** means any and all fees, costs, and expenses incurred by the Settlement Administrator, including, but not limited to, such fees, costs, and expenses incurred in disseminating Class Notice and CAFA Notice, publishing Class Notice, creating, administering, maintaining, and hosting the Settlement Website, and providing Benefit Checks and Cash Benefits to Settlement Class Members. Settlement Administration Expenses

shall be paid exclusively from the Settlement Fund. Settlement Administration Expenses shall be subject to the written approval of Class Counsel and Defendant' Counsel, not to be unreasonably withheld.

1.34    **"Settlement Administrator"** means Kurtzman Carson Consultants, LLC ("KCC").

1.35    **"Settlement Class"** means all persons within the United States identified in the supplemental expert report of Anya Verkhovskaya to whom Defendant, through a third party, initiated a telephone call from March 8, 2016 through May 12, 2017 to either (a) a cellular telephone number or (b) a number on the National Do Not Call Registry.

1.36    **"Settlement Class Member"** means Plaintiff and any person who is in the Settlement Class and who has not timely submitted a valid Request for Exclusion by the Objection/Exclusion Deadline (whether or not such members submit a claim pursuant to Section 5 of this Settlement Agreement) pursuant to this Settlement Agreement.

1.37    **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class Members, after payment to the appropriate persons of Settlement Administration Expenses, any Fee Award for any Attorneys' Fees and Costs, any Incentive Award, and any other expenditure as may be authorized by the Court.

1.38    **"Settlement Fund"** means the common fund of Seven Hundred and Fifty Thousand Dollars ($750,000) which will be the total aggregate amount that Defendant shall be obligated to pay pursuant to the terms of this Settlement Agreement. The Settlement Fund shall be used to pay any and all: (i) Settlement Class Recovery to Settlement Class Members; (ii) Settlement Administration Expenses; (iii) Fee Award for Attorneys' Fees and Costs; (iv) Incentive Award; (v) Cy-Pres Recipients.

1.39     **"Settlement Website"** means the internet website to be created, operated, maintained, and hosted by the Settlement Administrator pursuant to this Settlement Agreement

1.40     **"TCPA"** means the Telephone Consumer Protection Act, 47 U.S.C. § 227, and any and all rules and regulations promulgated thereunder.

2.     **NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION**

2.1     **Defendant's Denial of Wrongdoing or Liability**. Defendant has asserted and continues to assert many defenses in this Action and has expressly denied and continues to deny any fault, wrongdoing, or liability whatsoever based upon, arising out of, relating to, or otherwise in connection with the conduct alleged in the Action. Defendant expressly denied and continues to deny fault, wrongdoing, or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Action. Defendant expressly acknowledges and agrees that neither the fact of, nor any provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendant's willingness to enter into the Settlement and this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement and this Agreement shall constitute or be construed as an admission by or against Defendant or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of the claims or allegations in the Action, or any infirmity of any defenses asserted by the Defendant in the Action.

3.     **SETTLEMENT RELIEF**

3.1     **Settlement Fund.** Defendant agrees to deposit a total amount of Seven Hundred and Fifty Thousand Dollars ($750,000) into the Settlement Fund, which Settlement Fund shall be established and maintained by the Settlement Administrator for the benefit of the Settlement

Class, Class Representative, and Class Counsel. The Settlement Fund is to be established and maintained for the explicit purpose of issuing and/or paying the Settlement Class Recovery, Benefit Checks, and Cash Benefits with respect to all Settlement Class Members, all Settlement Administration Expenses, any Incentive Award to the Class Representative, any Fee Award for Attorneys Fees and Costs to Class Counsel, and any other expenditure authorized by the Court. Defendant shall fund the settlement within twenty-eight (28) days following entry of the Preliminary Approval Order. Other than depositing $750,000 into the Settlement Fund, Defendant shall have no further payment obligation to the Settlement Class or otherwise. All of the monies deposited by Defendant into the Settlement Fund shall be placed into an interest bearing escrow account established and maintained by the Settlement Administrator. The interest generated on the monies deposited by Defendant into the Settlement Fund shall, if any, accrue to the benefit of the Settlement Class and shall be added to the Settlement Fund. Class Counsel or the Settlement Administrator as its designee shall be responsible for ensuring the Settlement Fund is properly disbursed. Neither Defendant nor its attorneys shall be responsible for ensuring the Settlement Fund is properly disbursed.

       3.2    **Remedial Measures**. Defendant has decided to cease telemarketing activities at this time.

       3.3    **Payments From The Settlement Fund**

           a.    As soon as practicable but no later than sixty (60) days after the Effective Date or such other date after the Effective Date as the Court may order, the Settlement Administrator shall pay from the Settlement Fund the Settlement Class Recovery to all Settlement Class Members who file a valid claim pursuant to Section 5 of this Settlement Agreement on a *pro rata* basis.

b.      If any amounts remain in the Settlement Fund because any Settlement Class Member fails to cash his/her/its Benefit Check, or such Benefit Check expires or otherwise becomes null and void, the Settlement Administrator shall distribute the remaining Settlement Fund to Settlement Class Members who cashed their Benefit Check from the previous round of distribution on a *pro rata* basis, if doing so is administratively and economically feasible. In the event such distribution is not administratively and economically feasible, any remaining Settlement Funds shall be distributed to the Cy-Pres Recipient.

## 4.      CLAIMS PROCESS AND DETERMINATION FOR ELIGIBILITY FOR COMPENSATION FROM CLASS SETTLEMENT RECOVERY

4.1     As described in the Class Notice, any Settlement Class Member who seeks distribution from the Settlement Class Recovery as described in this Settlement Agreement must request and return a completed and signed Claim Form to the Settlement Administrator, postmarked before the Claims Deadline, to the address stated in the Class Notice. Any Settlement Class Member who fails to timely return a completed and signed Claim Form by the Claims Deadline shall not be eligible to participate in any distribution from the Settlement Class Recovery as described in this Settlement Agreement. Settlement Class Members who timely return a valid completed Claim Form will receive distribution(s) from the Settlement Class Recovery as described herein.

4.2     The Settlement Administrator shall review all submitted Claim Forms to determine if such forms were signed, timely postmarked, and otherwise comply with any requirement set forth in this Agreement. The Settlement Administrator shall review all submitted Claim Forms to determine if the submitting person is eligible for distribution from the Settlement Class Recovery under this Agreement by confirming that the submitting person's identity and/or information is reflected on the Class List. As necessary, the Settlement Administrator may

contact such submitting persons to gather additional or omitted information in order to determine their eligibility for distribution(s) from the Settlement Class Recovery.

4.3     For claims submitted online, the Settlement Administrator shall ensure that only the individuals whose telephone number appears on the Class List are able to submit a claim online.

## 5.     RELEASES

5.1     **Released Claims**. Plaintiff and each member of the Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees (each solely in their respective capacity as such), do hereby release and forever discharge Defendant and all of its predecessors, successors, subsidiaries, and all of their respective officers, directors, partners, members, principals, employees, agents, attorneys, servants, and assigns of and from all claims, demands, causes of actions, suits, damages, fees arising out of the sending of telemarketing calls promoting Santanna goods or services arising under the TCPA from March 8, 2016 through May 12, 2017.  Neither the fact of Settlement, this Aagreement, nor any consideration therefore, nor any actions taken to implement the terms of this Agreement are intended to be, nor may they be, deemed or construed to be a waiver of any of the claims Defendant has asserted against Third-Party Defendants.

## 6.     NOTICE TO THE CLASS

6.1     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause Class Notice to be disseminated to all persons in the Settlement Class as provided herein. Such Class Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure. The costs

and expenses of Class Notice shall be deemed part of the Settlement Administration Expenses to be exclusively paid from the Settlement Fund.

6.2     Class Notice was developed in consultation with the Settlement Administrator and includes:

a.     *Mailed Notice.* Subject to the approval of the Court, within twenty-one (21) calendar days following entry of the Preliminary Approval Order, the Settlement Administrator shall cause a singular Postcard Notice to be mailed first-class U.S. mail, return service requested, to the names and addresses associated with the telephone numbers of the Settlement Class as reflected in the Class List, substantially in the form provided in Exhibit 3 hereto. The Settlement Administrator shall perform investigations deemed appropriate by the Settlement Administrator in an attempt to identify complete and current address information for each person in the Settlement Class. The Settlement Administrator shall promptly re-mail any Postcard Notice returned as non-deliverable with a forwarding address. For all other returned mail, the Settlement Administrator shall perform data searches of the U.S. Postal Services National Change of Address database and/or any other reasonably available databases available to the Settlement Administrator, and perform any other reasonable steps to obtain current address information for any Postcard Notice returned to Settlement Administrator, and shall re-mail such Postcard Notice at least one additional time to the most current address information obtained by the Settlement Administrator. All costs associated with the Postcard Notice, including, but not limited to, all costs of research, address determination and confirmation, data searches, and printing, publishing, mailing, and re-mailing shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund.

b.      *Settlement Website.* Following entry of the Preliminary Approval Order, but prior to the date of the mailing of the Postcard Notice pursuant to this Settlement Agreement, the Settlement Administrator shall create, maintain, operate, and host a dedicated Settlement Website to assist in the administration of this Settlement. The Settlement Website shall provide persons in the Settlement Class access to copies of the Complaint, this Agreement with all exhibits referenced herein, Class Notice, including, but not limited to, the Long Form Notice and Claim Form, the Motion for Preliminary Approval, and the Preliminary Approval Order. All costs associated with the creation, operation, maintenance, and hosting of the Settlement Website, including the preparation of all documents provided therein, shall be considered Settlement Administrative Expenses to be exclusively paid from the Settlement Fund. This website will also be where Settlement Class Members can file claims, although any Settlement Class Member will also be able to request a paper copy of a claim form.

6.3     **CAFA Notice**. Class Counsel, through the Settlement Administrator, shall be responsible for serving the required CAFA Notice(s) within ten (10) calendar days after filing the motion seeking the Preliminary Approval Order. Class Counsel shall take all steps to ensure the Settlement Administrator has contracted in writing to retain such documents and records in accordance with this Settlement Agreement.

6.4     **Declaration of Compliance**. The Settlement Administrator shall prepare and execute a declaration attesting to compliance with the Class Notice requirements of this Agreement and the Preliminary Approval Order. Such declaration shall be provided to Class Counsel and Defendant's Counsel and filed with the Court no later than ten (10) calendar days prior to the Final Approval Hearing.

7.      **SETTLEMENT ADMINISTRATION**

7.1 The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a rational, reasonable, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under the Settlement and this Agreement. The Settlement Administrator shall maintain all such records as are required by the Court and applicable law in accordance with its normal business practices, including, but not limited to, a summary of work performed by the Settlement Administrator, including an accounting of all amounts paid from the Settlement Fund to Settlement Class Members. Such records shall be provided to Class Counsel and Defendant's Counsel upon reasonable request. Without limiting the foregoing, the Settlement Administrator shall receive objections and Requests for Exclusion forms, and upon such receipt shall promptly provide copies of such objections and Requests for Exclusion forms to Class Counsel and Defendant's Counsel.

7.2 The Settlement Administrator shall be responsible for all matters relating to the administration of this Settlement, including, but not limited to:

    a. Preparing and completing Class Notice;

    b. Obtaining complete address information for Settlement Class Members, including new addresses for any returned Class Notice, Benefit Checks, or any other documents;

    c. Creating, operating, maintaining, and hosting a Settlement Website, from which Settlement Class Members can access copies of the Complaint, this Agreement, Class Notice, the Preliminary Approval Order, and other pertinent documents, materials, and information about this Settlement;

    d. Acting as a liaison between Settlement Class Members and the Parties;

    e. Issuing and mailing Benefit Checks;

f.     Preparing and providing a declaration to Class Counsel and Defendant's Counsel prior to the submission of the Plaintiff's Motion for Final Approval of the Class Action Settlement: (i) attesting to the compliance of the provisions of this Settlement Agreement concerning Class Notice; and (ii) listing each Settlement Class Member who timely and validly submitted a Request for Exclusion opting out of the Settlement as described in Section 14.1 of this Settlement Agreement; and

g.     Performing any other tasks reasonably required to effectuate the Settlement and this Agreement, including, but not limited to, all responsibilities, obligations, and tasks referenced in any Section of this Agreement.

7.3     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member as it relates to the Settlement.

## 8.     EFFECTIVE DATE

8.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

a.     This Agreement has been signed by Plaintiff, Defendant, Class Counsel, and Defendant's Counsel;

b.     The Court has entered the Preliminary Approval Order;

c.     The Court has entered the Final Approval Order and Judgment, following Class Notice, as provided in the Preliminary Approval Order, and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure;

d.     The expiration of thirty-five (35) days following entry of the Final Approval Order and Judgment without any appeal, or, in the instance of an appeal or motion to accept jurisdiction of an appeal of the Final Approval Order and Judgment, entry of an order affirming the Final Approval Order and Judgment without material change or denying jurisdiction of an appeal, and all appeals have been exhausted; and

e.     The Final Approval Order and Judgment has become Final, as defined in this Settlement Agreement.

8.2     If any one or all of the conditions specified in this Settlement Agreement are not met, or in the event that this Agreement is not approved by the Court, then this Settlement Agreement shall be canceled and terminated and be deemed null and void as described in this Settlement Agreement unless Class Counsel and Defendant mutually agree in writing to proceed with this Agreement or such mutually agreeable alternative agreement as approved by the Court.

8.3     If this Agreement is terminated or the Effective Date does not occur for any reason whatsoever, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement as described in this Settlement Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into as described in this Settlement Agreement.

## 9.     TERMINATION OF SETTLEMENT

9.1     The Parties' willingness to enter into this Agreement and to agree to the certification of a conditional settlement class is dependent upon achieving finality in this Action and avoiding the uncertainties, risks, costs, and delays associated with this Action. Accordingly,

the Parties shall each have the unilateral right to terminate this Agreement, declare it null and void, and have no further obligations under this Agreement by providing written notice to the Court and all other Parties hereto within twenty (20) business days of any Party's actual notice of any of the following events:

        a.     the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order or a Final Approval Order and Judgment with respect to the Settlement;

        b.     an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated without material change by the Court on remand;

        c.     any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or this Settlement Agreement in a way that Plaintiff or Defendant reasonably consider material, unless such incorporation, deletion, modification, amendment, or change is accepted in writing by all Parties;

        d.     the Effective Date of the Settlement does not occur for any reason;

        e.     the Final Approval Order does not become Final;

        f.     more than one hundred (100) Settlement Class Members opt out of the Settlement; or

        h.     any other ground for termination provided elsewhere in this Settlement Agreement occurs.

## 10.    PRELIMINARY APPROVAL ORDER

10.1    **Preliminary Approval Order.** Promptly following the execution of this Agreement, Class Counsel shall submit this Agreement together with all exhibits referenced

herein to the Court, and shall apply to the Court, and Defendant's Counsel shall file a notice joining such application or otherwise not oppose such application, for entry of the Preliminary Approval Order in the form of <u>Exhibit 5</u> hereto. The proposed Preliminary Approval Order shall, among other things:

a.    preliminarily approve this Settlement Agreement (subject to the Final Approval Hearing) as fair and reasonable;

b.    preliminarily certify the Settlement Class for settlement purposes only;

c.    appoint Plaintiff's undersigned counsel as Class Counsel;

d.    appoint Plaintiff as the Class Representative;

e.    appoint KCC as the Settlement Administrator;

f.    set a schedule for proceedings concerning final approval of this Settlement, including, but not limited to, scheduling a Final Approval Hearing date, which shall be scheduled no earlier than one hundred (100) days after entry of the Preliminary Approval Order;

g.    approve the manner and form of Class Notice and authorize same for dissemination in accordance with Section 7 of this Agreement;

h.    approve the manner in which and deadline by which persons in the Settlement Class may submit a Request for Exclusion;

i.    schedule a Final Approval Hearing;

j.    provide, pending entry of a Final Approval Order and Judgment, the Parties shall cooperate in seeking orders that no person in the Settlement Class shall commence or continue any action, in any capacity, against Defendant or any other Released Parties asserting any of the Released Claims;

k.     issue a stay in the Action, other than such proceedings as are related to this Settlement Agreement; and

l.     provide Defendant has made no admissions in relation to the negotiation or execution of this Settlement Agreement or any document based upon, arising out of, related to, or otherwise in connection therewith.

The Preliminary Approval Order shall further authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of this Settlement Agreement and its implementing documents, including, but not limited to, all exhibits hereto, so long as such amendments, modifications, and expansions are consistent in all material respects with the proposed terms of the Final Approval Order and Judgment as set forth in Exhibit 1 to this Settlement Agreement.

## 11.     FINAL APPROVAL AND JUDGMENT ORDER

11.1     No later than ten (10) calendar days prior to the Final Approval Hearing, the Settlement Administrator shall file with the Court and serve on Defendant's Counsel a declaration as described in this Settlement Agreement.

11.2     Upon all conditions precedent to the Settlement having been satisfied, including, but not limited to, the issuance of the Preliminary Approval Order, not later than ten (10) calendar days prior to the Final Approval Hearing:

a.     All Parties will request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit 1 hereto;

b.     Class Counsel shall file a memorandum of points and authorities in support of a motion seeking the Final Approval Order and Judgment; and

c.    Class Counsel and/or Defendant's Counsel may file a memorandum addressing any objections submitted to the Settlement as described in this Settlement Agreement.

11.3    At the Final Approval Hearing, the Court will consider the proposed Final Approval Order and Judgment, which shall, among other things:

a.    find that the Court has personal jurisdiction over all Settlement Class Members;

b.    find that the Court has subject matter jurisdiction over the Action and the Released Claims such that the Court may approve this Agreement and all exhibits hereto;

c.    find final approval of this Settlement Agreement and the Settlement to be fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members, and that each Settlement Class Member shall be bound by this Settlement Agreement, including the Released Claims and the covenant not to sue as described in Section 6 of this Settlement Agreement, and that this Settlement Agreement should be and is approved;

d.    direct the Parties and their counsel to implement this Agreement according to its terms and provisions;

e.    declare this Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff, the Settlement Class Members, and the Releasing Parties;

f.    find that the Class Notice as described in this Agreement satisfies the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and all applicable rules of the Court, constitutes the best practicable notice under the circumstances, constitutes notice that is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from

the proposed Settlement, and to appear at the Final Approval Hearing, and is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement.

g.    find that the Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering and implementing the Agreement;

h.    dismiss the Action, including, without limitation, all Released Claims against the Released Parties, on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

i.    approve and incorporate the releases described in Section 6 of this Agreement, make such releases effective as of the date of entry of the Final Approval Order and Judgment, and forever discharge the Released Parties from the Released Claims as described in Sections 6.1 and 6.2 of this Agreement;

j.    without affecting the finality of the Final Approval Order and Judgment, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of this Settlement Agreement; and

k.    permanently enjoin each Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendant or any of the Released Parties.

11.4    If the Court refuses to issue the Final Approval Order and Judgment in substantially the same form as Exhibit 1 hereto, or otherwise refuses to issue the Final Approval Order and Judgment without material modification, or issues the Final Approval Order and Judgment materially different from that attached as Exhibit 1 hereto, or the Final Approval Order and Judgment is reversed or modified on appeal and/or remand, then the Settlement and this

Agreement in its entirety shall become null and void, unless the Parties promptly agree in writing to proceed with the Settlement and this Agreement consistent with the change or modification under which the Settlement and this Agreement is otherwise rendered null and void. In the event the Settlement and this Agreement becomes null and void, the Parties shall be restored without prejudice to their respective litigation positions in the Action prior to execution of this Agreement as described in Section 8.3 of this Settlement Agreement.

## 12.  OPT-OUTS AND OBJECTIONS

12.1   **Opting Out.** The Class Notice shall contain information about how a person in the Settlement Class may opt-out of the Settlement (*i.e.,* a request to be excluded from the Settlement Class) by mailing a Request for Exclusion by first-class mail, postage prepaid, and postmarked to the address of the Settlement Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly indicate the name, address, telephone number the name and case number of the Action, a clear and unequivocal statement that the person wishes to be excluded from the Settlement Class, and the signature of such person or, in the case of a person in the Settlement Class who is deceased or incapacitated, the signature of the legally authorized representative of such person.

12.2   **Objections**. The Class Notice shall contain information about how a person in the Settlement Class who does not properly and timely submit a Request for Exclusion pursuant to this Settlement Agreement, may object to the Settlement by filing a written objection with the Court by the Objection/Exclusion Deadline, with a copy served on the Settlement Administrator, Class Counsel, and Defendant's Counsel at the addresses provided in the Class Notice, which written objection must contain the following:

a. the full name, address, telephone number, and signature of the objecting Settlement Class Member;

b. the specific reasons for the objecting Settlement Class Member's objection to the Settlement, and a detailed statement of the factual and legal basis for such objections;

c. the identity of all witnesses, including the witness's name and address, and a summary of such witness's proposed testimony, who the objecting Settlement Class Member may call to testify at the Final Approval Hearing, and describe and produce copies of all evidence such objecting Settlement Class Member may offer at the Final Approval Hearing; and

d. a statement whether the objecting Settlement Class Member and/or his/her/its attorney(s) intend to appear at the Final Approval Hearing. Any attorney of an objecting Settlement Class Member who intends to appear at the Final Approval Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which such counsel has represented an objector.

## 13. CLASS COUNSEL'S FEE AWARD AND COST REIMBURSEMENT; INCENTIVE AWARD.

13.1 **Attorneys' Fees and Costs.** On or before thirty (30) days after the Preliminary Approval Order has been entered, Class Counsel shall file with the Court a Fee and Cost Application seeking a Fee Award of Attorneys' Fees and Costs to be paid exclusively from the Settlement Fund, which Fee and Cost Application shall be subject to approval by the Court. The Fee and Cost Application may seek up to one-third of the Settlement Fund, plus any out-of-pocket costs incurred by Class Counsel in this Action. Nothing in this Agreement requires Defendant or Defendant's Counsel to take any position with respect to this Section 13.1 of the

Settlement Agreement. The Fee and Cost Application shall be noticed to be heard at or before the Final Approval Hearing. The Settlement Administrator shall disburse any Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action, to Class Counsel within fifteen (15) days after the Effective Date. Defendant shall have no responsibility for, or any liability with respect to, the payment of any Fee Award of Attorneys' Fees and Costs, including any out-of-pocket costs incurred by Class Counsel in this Action. The Defendant shall have no responsibility for and shall have no liability whatsoever with respect to the allocation of any Fee Award of Attorneys' Fees and Costs among Class Counsel and/or any other person who may assert a claim thereto. The sole source of any payment of any such Fee Award shall be the Settlement Fund.

    13.2   **Incentive Award.** On or before thirty (30) days after the Preliminary Approval Order has been entered, the Class Representative shall file with the Court a Fee and Cost Application to be paid exclusively from the Settlement Fund seeking an Incentive Award of up to Ten Thousand Dollars ($10,000) in recognition of the time and efforts invested by Class Representative on behalf of the Settlement Class in this Action. Nothing in this Agreement requires Defendant or Defendant's Counsel to take any position with respect to this Section 13.2 of the Settlement Agreement. The Fee and Cost Application shall be noticed to be heard at or before the Final Approval Hearing. The Settlement Administrator shall disburse any Incentive Award to Class Representative within fifteen (15) days after the Effective Date and only after receiving any and all necessary W-9 form(s) from Class Representative, but prior to the issuance of any Benefit Check or payment of Cash Benefit to any Settlement Class Member. Defendant shall have no responsibility for, or any liability with respect to, the payment of any Incentive Award. The sole source of any payment of any such Incentive Award shall be the Settlement

Fund. The Incentive Award is in lieu of any payments to which Class Representative may otherwise be entitled as a Settlement Class Member under this Settlement Agreement.

## 14.    MISCELLANEOUS PROVISIONS

14.1    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

14.2    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

14.3    The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

14.4    Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation."  The words "hereof," "herein," "hereby," "hereunder," and other

similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement. All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

14.5    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

14.6    Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

14.7    Each counsel or other Party executing this Settlement Agreement, any of its exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

14.8    This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

14.9    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, representatives, and assigns of the Parties, the Settlement Class Members, and the Released Parties.

14.10   This Agreement, the exhibits hereto, and the terms and conditions herein constitute the entire agreement between the Parties. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and inducements contained in this Agreement.

14.11   This Agreement shall be governed by the laws of the State of Illinois.

14.12   This Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the Parties and approved by the Court.

14.13   Unless otherwise stated herein, any notice to the Parties required or provided under this Agreement shall be in writing and may be sent by electronic mail, overnight delivery by a national recognized courier service (*i.e.,* UPS, FedEx, or the equivalent), or hand delivery as follows:

a.      If to Class Counsel:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110
ted@broderick-law.com
anthony@broderick-law.com


b.      If to Defendant's Counsel:

Thomas Hayes
GORDON REES SCULLY MANSUKHANI, LLP
One North Franklin, Suite 800
Chicago, Illinois 60606
thayes@grsm.com

14.14   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties with the aid of neutral mediators. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiff and the Settlement Class:**

Ken Johansen _____ Date: 8-21-18
Ken Johansen
Class Representative

**Class Counsel:**

_____ Date: 8/21/18
Anthony Paronich
BRODERICK & PARONICH. P.C.

**For Defendant:**

_____ Date: 8/21/18
Authorized Representative

Douglas Cuellar — CEO
Printed Name and Title

**Defendant's Counsel:**

_____ Date: 8/21/18
Thomas Hayes
GORDON & REES

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KEN JOHANSEN on behalf of themselves and others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>SANTANNA NATURAL GAS CORPORATION, dba SANTANNA ENERGY SERVICES,<br><br>       Defendant. | Case No. 17-cv-03604 |

**[PROPOSED]**
**FINAL APPROVAL ORDER AND JUDGMENT**

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on _____, 2018, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

**I.    Jurisdiction**

1.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.[1]

---

[1]  Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

35655595v1

## II.     Class Definition

2.     Under Federal Rule of Civil Procedure 23(c), the Court certifies the following

"Settlement Class," consisting of:

> All persons within the United States identified in the supplemental expert report
> of Anya Verkhovskaya to whom Defendant, through a third party, initiated a
> telephone call from March 8, 2016 through May 12, 2017 to either (a) a cellular
> telephone number or (b) a number on the National Do Not Call Registry.

## III.     Class Representative and Class Counsel

3.     Under Federal Rule of Civil Procedure 23, Ken Johansen is hereby appointed as

Class Representative.

4.     The following are hereby appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>         -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>         -and-
> Brian K. Murphy
> Jonathan P. Misny
> MURRAY MURPHY MOUL + BASIL LLP
> 1114 Dublin Rd.
> Columbus, Ohio 43215

## IV.     Rule 23 Requirements

5.     Pursuant to Rule 23(a), the Court finds that: (a) the Settlement Class is so numerous

that joinder of all members is impracticable; (b) there are questions of law or fact common to the

Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the

claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect

2

the interests of the Settlement Class.

6.      Pursuant to Rule 23(b)(3), the Court finds that: (A) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (B) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.      Notice and Opt-outs.

7.      The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort.

8.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.       All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.  The list of persons submitting notices seeking exclusion from the Settlement Class, submitted by Plaintiff pursuant to the Preliminary Approval Order, is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

## VI.      Final Approval of the Settlement.

10.      Pursuant to the Settlement Agreement, the Defendant has agreed to pay Seven Hundred and Fifty Thousand Dollars ($750,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund

after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted. In addition to payments from the Settlement Fund, Defendant has also agreed that it has taken steps to ensure compliance going forward with the telemarketing conduct alleged in the Complaint.

11.    The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement."] The Court held a hearing on _____, 2018, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated on _____, 2018, and that ninety (90) days has passed without comment or objection from any governmental entity.

12.    The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

13.    The Settlement Administrator shall take all reasonable steps necessary to ensure that the Settlement is effectuated in a manner consistent with the Settlement Agreement.

14.    In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the

4

Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to, limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

15.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

16.     The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

17.      On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

18.     The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing

35655595v1

Parties.

19.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

## VII.    Attorneys' Fees, Attorney Expenses and Class Representative's Award

20.     The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $_____ in attorneys' fees and _____ in costs. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award.

21.     The Court approves the incentive fee payment of $_____ for the Class Representative and specifically finds that amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any incentive award will be reported as "other income" in Box 3 of the Form 1099-MISC.

22.     Neither this Final Approval Order and Judgment as to the Defendant, nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.


The Clerk is hereby directed to enter this Final Approval Order and Judgment.


DATED: _____, 2018            _____

                                          United States District Court

# EXHIBIT 2

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

*Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services*, Civil Action No. 17-cv-03604

## If a call made on behalf of the Defendant was directed to your cellular telephone or your telephone number listed on the National Do Not Call Registry, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- Defendant Santanna Natural Gas Corporation d/b/a Santanna Energy ("Defendant") has agreed to pay Seven Hundred and Fifty Thousand Dollars ($750,000) into a fund from which eligible persons or entities who file claims will receive cash awards. The amount of your recovery will be based on the amount of people who file valid claims, but your expected recovery is about $150.00.

- The settlement resolves a lawsuit involving allegations that a third party made telemarketing calls on the Defendant's behalf from March 8, 2016 through May 12, 2017 to either (a) a cellular telephone number or (b) a number on the National Do Not Call Registry.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for $250,000 of the fund as attorneys' fees for the time they spent investigating the facts, litigating the case, and negotiating the settlement. Class counsel will also ask the Court to reimburse them an additional $38,983.32 for the out-of-pocket expenses they incurred in pursuing the case.

- Defendant denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, Defendant does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiff and the class could have won at trial.

- Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

- This Notice summarizes the proposed settlement. For all of the terms and conditions of the settlement, please see the Settlement Agreement available at www.XXX.com).
.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

35655796v1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendant about the legal claims in this case. |
| **OBJECT BY DATE** | Write to the Court explaining why you don't like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up right to ever be part of any other lawsuit against Defendant about the legal claims in this case. |

# BASIC INFORMATION

## 1. What is this Notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services*, Civil Action No. 17-cv-03604 in the United States District Court for the Northern District of Illinois. You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class. The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge John Lee (the "Court") is in charge of this class action.

Defendant denies that it did anything wrong, and denies that this case would be certified as a class action in litigation.

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM
~ 2 ~

# THE SETTLEMENT

**3. Why is there a settlement?**

The Court did not decide in favor of the Plaintiff or Defendant. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

**4. How do I know if I am a part of the settlement?**

You are in the "Settlement Class" if you fit into the following category:

> All persons within the United States identified in the supplemental expert report of Anya Verkhovskaya to whom Defendant, through a third party, initiated a telephone call from March 8, 2016 through May 12, 2017 to either (a) a cellular telephone number or (b) a number on the National Do Not Call Registry.

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

**5. What does the settlement provide?**

Defendant has agreed to pay Seven Hundred and Fifty Thousand Dollars ($750,000) to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

Defendant has also agreed that it will take remedial steps in an effort to comply with the TCPA's requirements.

**6. How much will my payment be?**

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit, but the estimated recovery for class members is $100.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**7. How do I make a claim?**

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. There are multiple ways to submit a Claim Form. A paper Claim Form is available by requesting or by calling 1-XXX-XXX-XXXX.

35655796v1

Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than Month XX, XXXX. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following directions. You also may download a paper Claim Form on the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

Santanna Natural Gas Telemarketing Settlement
Settlement Administrator
P.O. Box. XXXX
City, State Zip Code

## 8. When will I get my payment?

The Court will hold a hearing on Month XX, XXXX to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

## 9. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against Defendant regarding the TCPA claims that are subject to the settlement. If the settlement is approved and becomes final and not subject to appeal, then you and all Settlement Class Members release all "Released Claims" against all "Released Parties." It also means that all of the Court's orders will apply to you and legally bind you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes, but is not limited to, telemarketing-related claims that arise out of the improper use of an "automatic telephone dialing system" and/or an "artificial or prerecorded voice" to make telephone calls to cellular phones by Defendant.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Defendant, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

## 10. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services* settlement. You must sign the letter and include a statement that you wish to be excluded from this action. Please be sure to include your name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than Month XX, XXXX to the following address:

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM
~ 4 ~

Santanna Natural Gas Telemarketing Settlement
Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself on the phone or by fax or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

## 11. If I don't exclude myself, can I sue Defendant for the same thing later?

Unless you exclude yourself, you give up any right to sue Defendant for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

## 12. If I exclude myself, can I get anything from this settlement?

If you exclude yourself, do not submit a Claim Form to ask for a payment.

# THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

The Court has appointed Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, and Murray Murphy Moul + Basil LLP to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $250,000 to them for attorneys' fees. This amounts to 33 1/3% of the total fund. Class Counsel will also seek recovery of their actual expenses spent on the litigation of $38,983.32. These payments would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel also will request a service award of $10,0000 for the named Plaintiff to compensate him for his time and effort. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

### 15. How do I object to the settlement?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you don't like any part of it. You may give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services*. You must make your objection in writing and file it with the Court. The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class, including your full name, address, telephone number, and signature; (b) include a statement of your specific objections, as well as any witness testimony and documents that you would like the Court to consider; and (c) the name and contact information of any attorney you intend to have assert your objections before the Court. You must file the objection with the Court no later than Month XX, XXXX.

*Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services*
Case No. 17-cv-03604
Clerk of the Court
U.S. District Court for the Northern District of Illinois
219 S. Dearborn St.
Chicago, IL 60604

### 16. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 17. When and where will the Court hold a hearing on the fairness of the settlement?

The Court will hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable John Lee at the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St, Chicago, IL 60604. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses, and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted at the Settlement website, www.XXX.com.

## DO I HAVE TO ATTEND THE HEARING?

| **18. Do I have to come to the hearing?** |
|---|

Class Counsel will answer any questions the Court may have. But you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to.

| **19. May I speak at the hearing?** |
|---|

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must state that in your objection. Be sure to include your name, address, telephone number, that you are a Settlement Class Member, and your signature. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| **20. What happens if I do nothing at all?** |
|---|

If you do nothing, you'll get no money from this settlement. But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the legal issues released in this case.

## GETTING MORE INFORMATION

| **21. How do I get more information?** |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to any of the Court appointed attorneys.

You can call 1-XXX-XXX-XXXX toll free; write to Total Merchant Telemarketing Settlement, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com, where you will find answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class. You also may write to Broderick & Paronich, P.C., 99 High St., Suite 304, Boston, MA 02110.

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

35655796v1

# EXHIBIT 3

*Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Service* **Settlement Administrator**
**[ADDRESS]**

«Barcode»
Postal Service: Please do not mark barcode

Claim#: AAG-«ClaimID»-«MailRec»
«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»

«Country»

A proposed settlement (the "Settlement") has been reached in a class action lawsuit, *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Service*, United States District Court for the Northern District of Illinois, No. 17-cv-03604 (the "Action"). The lawsuit alleges that telemarketing calls made by a third party allegedly on behalf of Santanna Energy Services violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendant denies that it violated any laws, that it did anything wrong, or that a class could be certified. Plaintiff and Defendant have agreed to the Settlement to avoid the burden, expense, risk, and uncertainty of continuing the Lawsuit.

**Who is included?** You were identified as someone who may have received one or more of these phone calls between March 8, 2016 and May 12, 2017.

**How much money can I get?** If the Court approves the Settlement, every Settlement Class Member who submits a valid Claim Form will be entitled to an equal payment from the $750,000 Settlement Fund. Class Counsel estimate that the minimum per class claimant payout will be $150, but your actual payment amount will depend on how many Settlement Class Members submit valid Claim Forms. The Settlement Fund will be divided based on how many Settlement Class Members submit a valid Claim Form after attorneys' fees, costs and expenses, an award for the Class Representative, and notice and administration costs have been deducted. Class Counsel intend to seek reimbursement of $250,000 for attorneys' fees plus an additional $38,983.32 reimbursement for out of pocket expenses.

**How can I get a payment?** You must complete a Claim Form by no later than **[DATE].** Claim Forms may be completed online at **INSERT** or obtained by calling the Settlement Administrator at **INSERT.**

**What are my options?** If you are a Settlement Class Member and you submit a Claim Form or do nothing, and the Court approves Settlement, you will be bound by all of the Settlement terms, including the releases of claims against Defendant and the other Released Parties. You may "opt out" (exclude yourself) from the Settlement. If you opt out, you will not receive a payment, and you will not release any claims. You will be free to pursue whatever legal rights you may have at your own risk and expense. To exclude yourself from the Settlement, you must mail a request for exclusion to: *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Service* Settlement Administrator, **ADDRESS**, which must be postmarked by **[DATE],** that includes your full name, address, telephone number or numbers, a statement that you wish to be excluded from the *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Service* Settlement, and your signature. Unless you exclude yourself from this Settlement, you give up your right to sue or continue a lawsuit against Defendant and the other Released Parties.

You may object to the Settlement by submitting a written objection in *Johansen v. Santanna Natural Gas Corporation d/b/a Santanna Energy Services*, Case No. 17-cv-03604, Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604 by **[DATE].** Also send your objection to the Settlement Administrator and to Class Counsel. Any objection must include your full name; address; telephone numbers that you maintain were called; all grounds for your objection, with factual and legal support for each stated ground; the identity of any witnesses you may call to testify; copies of any exhibits that you intend to introduce into evidence; and a statement of whether you intend to appear at the Final Approval Hearing with or without counsel. Attendance at the hearing is not necessary. If you want to be heard orally (either personally or through counsel) in opposition to the Settlement, you must file a timely objection as set forth above.

**When will the Settlement be finally approved?** The Court will hold a Final Approval Hearing (the "Hearing") at **[DATE] and Time** at the U.S. District Court, 219 S. Dearborn St., Chicago, IL 60604. At the Hearing, the Court will consider whether to approve: the proposed Settlement as fair, reasonable, and adequate; Class Counsel's request of up to one-third of the Settlement Fund in fees in addition to their costs and expenses; and a $10,000 payment to the Class Representative. The Court will also hear objections to the Settlement. If approval is denied, reversed on appeal, or does not become final, the case will continue and claims will not be paid.

**Want more information?** The Settlement Agreement and other relevant documents are available at **INSERT**. Pleadings and documents filed in Court may be reviewed or copied in the office of the Clerk. Please do not call the Judge or the Clerk of the Court. They cannot give you advice on your options.

35655904v1

# EXHIBIT 4

Home     Case Documents     Important Dates & Deadlines     Frequently Asked Questions          File Claim

## Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**File Claim**

## How would you like to file?

If you received a Postcard Notice in the mail, it contains a 12-digit claim number directly above your Name and Address. Please use that number for faster claims processing.

I have a Claim Number and want to file online

I have a Claim Number and want to print and mail a claim form

I do not have a Claim Number but have my Affected Phone Number and want to file online

I do not have a Claim Number but have my Affected Phone Number and want to print and mail a claim form

KCC

Home    Case Documents    Important Dates & Deadlines    Frequently Asked Questions    **File Claim**

## Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**Claim Form**

If Claimant selects file with Claim ID

### Please Log In

Please enter your Claim ID:

\*Claim ID:

**Log In**

\*Required

Home     Case Documents     Important Dates & Deadlines     Frequently Asked Questions     **File Claim**

## Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**Claim Form**

If Claimant selects file
with Claim ID

Claimant Information

*First Name

Middle Initial

*Last Name

☐ Please check if a non-U.S. address

*Primary Address

Primary Address continued

*City

*State        Select ▼

*Zip

Email Address

Contact Telephone Number

*Affected Telephone Number        (###) ###-#### *<-pre-populated with Affected Phone*

*Required

Home     Case Documents     Important Dates & Deadlines     Frequently Asked Questions     File Claim

# Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**Claim Form**

If Claimant selects file with Claim ID

## Verification

Verify that you are a member of the Settlement Class described in the Notice:

☐ By checking this box, I am confirming that, between March 8, 2016 through May 12, 2017, I received a telemarketing call made by Santanna Natural Gas Corporation d/b/a/ Santanna Energy Service that I believe violated the TCPA.

## Certification

☐ **I certify that the statements herein are true to the best of my knowledge**. I understand the Settlement Administrator has the right to verify my response and dispute any claims that based on inaccurate responses.

**Agree and Submit**

Home    Case Documents    Important Dates & Deadlines    Frequently Asked Questions    **File Claim**

## Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**Claim Form**

If Claimant selects file with Phone Number

### Please Log In

Please enter your Affected Phone Number:

*Phone Number:

**Log In**

*Required

KCC Class Action Services LLC          Terms of Use          Privacy Statement

Home   Case Documents   Important Dates & Deadlines   Frequently Asked Questions

**File Claim**

## Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**Claim Form**

> **If Claimant selects file with Phone Number**

### Claimant Information

*First Name

Middle Initial

*Last Name

☐ Please check if a non-U.S. address

*Primary Address

Primary Address continued

*City

*State — Select ▼

*Zip

Email Address

Contact Telephone Number

* Affected Telephone Number — (###) ###-#### *<-pre-populated with Affected Phone*

*Required

KCC

Home     Case Documents     Important Dates & Deadlines     Frequently Asked Questions     **File Claim**

## Johansen v. Santanna National Gas Corporation d/b/a Santanna Energy Service

**Claim Form**

*If Claimant selects file with Phone Number*

### Verification

Verify that you are a member of the Settlement Class described in the Notice:

☐ By checking this box, I am confirming that, between March 8, 2016 through May 12, 2017, I received a telemarketing call made by Santanna Natural Gas Corporation d/b/a/ Santanna Energy Service that I believe violated the TCPA.

### Certification

☐ **I certify that the statements herein are true to the best of my knowledge**. I understand the Settlement Administrator has the right to verify my response and dispute any claims that based on inaccurate responses.

**Agree and Submit**

**KCC Class Action Services LLC**          **Terms of Use**          **Privacy Statement**

# EXHIBIT 5

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEN JOHANSEN on behalf of themselves and others similarly situated,<br>　　　　Plaintiff,<br>v.<br><br>SANTANNA NATURAL GAS CORPORATION, dba SANTANNA ENERGY SERVICES,<br><br>　　　　Defendant. | Case No. 17-cv-03604 |

## PRELIMINARY APPROVAL ORDER

The Plaintiff has moved for preliminary approval of a proposed class settlement which would resolve the Plaintiff's class-action claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** preliminary approval of the Settlement, finding specifically as follows.[1]

### I.　　　Jurisdiction

1.　　　The Court preliminarily finds that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

### II.　　　Certification of Settlement Class

2.　　　Under Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies the following "Settlement Class," consisting of:

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

All persons within the United States identified in the supplemental expert report of Anya Verkhovskaya to whom Defendant, through a third party, initiated a telephone call from March 8, 2016 through May 12, 2017 to either (a) a cellular telephone number or (b) a number on the National Do Not Call Registry.

### III.  Class Representative and Class Counsel

3.      The Court preliminarily appoints Plaintiff Ken Johansen as Class Representative.

4.      Under Rule 23(g), the following attorneys and firms are preliminarily appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>         -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>         -and-
> Brian K. Murphy
> Jonathan P. Misny
> MURRAY MURPHY MOUL + BASIL LLP
> 1114 Dublin Rd.
> Columbus, Ohio 43215

### IV.  Rule 23 Requirements

5.      The Court preliminarily finds that the prerequisites for a class action under Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the class representative are typical of the claims of the Settlement Class Members; and (d) the class representative will fairly and adequately represent the interests of the Settlement Class Members.

6.      The Court further finds that the prerequisites for class certification under Rule

2

23(b)(3) have been satisfied in that (a) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V. Preliminary Approval of the Settlement

7. Pursuant to the Settlement Agreement, the Defendant has agreed to pay Seven Hundred and Fifty Thousand Dollars ($750,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, the costs of notice and administration are deducted, and any other expenditure authorized by the Court. In addition to payments from the Settlement Fund, Defendant has also agreed that it will take remedial steps in an effort to comply with the TCPA's requirements regarding making telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice to a cellular telephone service.

8. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, the Court preliminarily finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

## VI. Notice and Administration

9. The Court appoints Kurtzman Carson Consultants, LLC to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including

30002041v2
35655547v1

effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

10.     The Court has carefully considered the notice program set forth in the Settlement Agreement. The Court finds that the notice program constitutes the best notice practicable under the circumstances and satisfies fully the requirements of Rule 23(c)(2), and the requirements of due process.

11.     The Court thus approves the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before **[21 days after preliminary approval].** Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

12.     All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

## VII.     Exclusion and "Opt-Outs"

13.     Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

14.     A member of the Settlement Class wishing to request exclusion (or "opt out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and must be received no later than **[81 days after preliminary approval]** by the Settlement Administrator

4

at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, telephone numbers, and last four Social Security number digits. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15.     Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against the Defendant or any of the other Released Parties.

16.     All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant or any of the other Released Parties.

17.     The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

### VIII.   Objections

18.     Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees

and expenses, or to the compensation award to the Class Representative must submit to Class Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representative only if, on or before **[81 days after preliminary approval]**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

19. A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representative will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted out of the Settlement, will be heard at the Final Approval Hearing.

20. Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement

6

Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**IX.**    **Application for an Award of Attorneys' Fees, Costs, and an Incentive Award.**

21.    Any application for a compensation award to the Class Representative as well as any application for an award of attorneys' fees and expenses must be filed on or before **[30 days after preliminary approval]**.

**X.**    **Final Approval Hearing**

22.    A Final Approval Hearing will be held before the Court on **[at least 100 days after preliminary approval] at _____ am** for the following purposes:

(a)    to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)    to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)    to consider the application for an award of attorneys' fees and expenses of Class Counsel;

(e)    to consider the application for an compensation award to the Class Representative;

(f)    to consider the distribution of the settlement benefits under the terms of the Settlement Agreement; and

(g)    to rule upon such other matters as the Court may deem appropriate.

7

23.     On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval.

24.     The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all Settlement Class Members.

25.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:**              _____, 2018

**Incentive Award and Fee Application:**     _____, 2018

**Objection/Exclusion Deadline:**           _____, 2018

**Claim Deadline:**                         _____, 2018

**Final Approval Submissions:**             _____, 2019

**Final Approval Hearing:**                 _____, 2019 at _____ am

26.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### XI.     Further Matters

27.     All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

28.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including

8

any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

29.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.


DATED: _____, 2018          _____
                                          United States District Court

30002041v2
35655547v1