## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEN JOHANSEN on behalf of himself and others similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 1:17-cv-03604 |
| SANTANNA NATURAL GAS CORPORATION, dba SANTANNA ENERGY SERVICES, | : | Honorable John Z. Lee |
| | : | |
| Defendant, Third-Party Plaintiff | : | |
| v. | : | |
| | : | |
| LIBERAL UNITED MARKETING, INC. a/k/a LIBERAL UNITED MARKETING C AND P INC. and JACOB T. ADIGWE, | : | |
| | : | |
| Third-Party Defendant. | : | |
| | / | |

### FINAL APPROVAL ORDER AND JUDGMENT

The Parties in this class action lawsuit have moved for final approval of their proposed class settlement. The Court preliminarily approved the Settlement Agreement on May 30, 2018, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the Court **GRANTS** final approval of the Settlement, finding specifically as follows:

### I.    Jurisdiction

1.     This Court has jurisdiction over the subject matter of the Action and over all

35655595v1

parties to the Action, including all Settlement Class Members.[1]

## II.     Class Definition

2.      Under Federal Rule of Civil Procedure 23(c), the Court certifies the following

"Settlement Class," consisting of:

> All persons within the United States identified in the supplemental expert
> report of Anya Verkhovskaya to whom Defendant, through a third party,
> initiated a telephone call from March 8, 2016 through May 12, 2017 to either
> (a) a cellular telephone number or (b) a number on the National Do Not Call
> Registry.

## III.     Class Representative and Class Counsel

3.      Under Federal Rule of Civil Procedure 23, Ken Johansen is hereby appointed as

Class Representative.

4.      The following are hereby appointed as Class Counsel:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>         -and-
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>         -and-
> Brian K. Murphy
> Jonathan P. Misny
> MURRAY MURPHY MOUL + BASIL LLP
> 1114 Dublin Rd.
> Columbus, Ohio 43215

## IV.     Rule 23 Requirements

5.      Pursuant to Rule 23(a), the Court finds that: (a) the Settlement Class is so

---

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the
Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

35655595v1

numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representative, identified above, are typical of the claims of the Settlement Class; and (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class.

6.      Pursuant to Rule 23(b)(3), the Court finds that: (a) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members, and (b) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

## V.      Notice and Opt-outs.

7.      The Court finds that, in accordance with the Notice Plan and Rule 23(c)(2)(B), the Settlement Administrator provided the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort.

8.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1715.

9.       All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment. The list of persons submitting notices seeking exclusion from the Settlement Class, submitted by Plaintiff pursuant to the Preliminary Approval Order, is hereby accepted as the list of persons who have made timely and valid requests for exclusion.

## VI.      Final Approval of the Settlement.

10.      Pursuant to the Settlement Agreement, the Defendant has agreed to pay Seven

3

35655595v1

Hundred and Fifty Thousand Dollars ($750,000) to create the Settlement Fund. Amounts awarded to Class Counsel or the Class Representative will be paid from the Settlement Fund. Class Members who have submitted a valid claim will receive a pro-rata share of the Settlement Fund after attorneys' fees and costs, the Class Representative's award, and the costs of notice and administration are deducted. In addition to payments from the Settlement Fund, Defendant has also agreed that it has taken steps to ensure compliance going forward with the telemarketing conduct alleged in the Complaint.

11. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and the Defendant. The Court has not received any objections from any person regarding the Settlement. The Court held a hearing on December 11, 2018, at which time the parties were afforded the opportunity to be heard in support of or in opposition to the Settlement. Furthermore, the Court finds that notice under the CAFA was effectuated and that ninety (90) days has passed without comment or objection from any governmental entity.

12. The Court now grants final approval to the Settlement and finds that the Settlement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement is the result of arm's-length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

13. At the Parties' suggestion, the Court makes the following typographical corrections to the Settlement Agreement (ECF No. 56-1):

   i. ¶¶1.28, 11.2(c) and 11.3(i) refer to the release at ¶6. However, the release

35655595v1

is located at ¶5.

ii.   ¶7.2(f) makes references to individuals who had requested exclusion at ¶14.1.  However, the correct section that should be referenced is ¶12.1.

iii.   ¶10.1(g) refers to a notice paragraph at ¶7, but the notice paragraph is actually ¶6.

iv.   ¶11.3(g) refers to released parties at ¶6.1 and 6.2, but the correct reference should be to ¶5.1 and ¶5.2.

14.   The Settlement Administrator shall take all reasonable steps necessary to ensure that the Settlement is effectuated in a manner consistent with the Settlement Agreement.

15.   In the event that settlement payments exceed the threshold amounts that must be reported to the Internal Revenue Service by means of a Form 1099, Class Counsel, and the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including, but not limited to, limiting payments below the reportable threshold and/or withholding of taxes and any applicable penalties.

16.   The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

17.   The Court dismisses this Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

18.    On and after the Effective Date, the Releasing Parties, and each of them, are

5

forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

19.     The Court further orders that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

20.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret, and monitor compliance with the provisions of the Settlement Agreement; and (c) all Parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

## VII.    Attorneys' Fees, Attorney Expenses, and Class Representative's Award

21.     The Court approves payment of attorneys' fees, costs, and expenses to Class Counsel in the amount of $233,333.33 in attorneys' fees and $38,983.32 in costs. This amount

35655595v1

shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable, and the Court notes that the Notice specifically and clearly advised the Settlement Class that Class Counsel would seek the award.

22.     The Court approves the incentive fee payment of $10,000 for the Class Representative and specifically finds that amount to be reasonable in light of the service performed by Plaintiff for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. Any incentive award will be reported as "other income" in Box 3 of the Form 1099-MISC.

23.     Neither this Final Approval Order and Judgment as to the Defendant nor the Settlement Agreement shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims in any action or proceedings whatsoever. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by the Defendant or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

The Clerk is hereby directed to enter this Final Approval Order and Judgment.

DATED: 12/11/18

_____
John Z. Lee,
United States District Court Judge

7

35655595v1