**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KEN JOHANSEN, on behalf of himself and others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **17 C 3604** |
| **v.** | ) | |
| | ) | **Judge John Z. Lee** |
| **SANTANNA NATURAL GAS CORPORATION, d/b/a SANTANNA ENERGY SERVICES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| ------------------------------------------------------------- | ) | |
| | ) | |
| **SANTANNA NATURAL GAS CORPORATION, d/b/a SANTANNA ENERGY SERVICES,** | ) | |
| | ) | |
| **Third-Party Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIBERAL UNITED MARKETING, INC., a/k/a LIBERAL UNITED MARKETING C AND P, INC., and JACOB T. ADIGWE,** | ) | |
| | ) | |
| **Third-Party Defendants.** | ) | |

## ORDER

By order of October 1, 2018, this Court entered a default judgment against Liberal United Marketing, Inc. ("Liberal") and Jacob T. Adigwe. Subsequently, on October 24, 2018, the Court awarded attorneys' fees and costs to Third-Party Plaintiff Santanna Natural Gas Corporation ("Santanna"). Adigwe has now moved to vacate the default judgment and the order awarding attorneys' fees and costs. For the reasons stated herein, the motion [89] is granted.

## STATEMENT

Plaintiff Ken Johansen initiated this lawsuit against Santanna in May 2017, alleging that Santanna had violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by placing telemarketing calls to a number listed on the National Do Not Call Registry. *See* Compl.,

ECF No. 1. In December 2017, Santanna filed a third-party complaint against Liberal and Adigwe for contractual indemnity, breach of contract, negligence, and intentional misrepresentation. *See* Third-Party Compl., ECF No. 26. According to the third-party complaint, Santanna entered into a telemarketing agreement ("the Agreement") with Liberal, pursuant to which Liberal agreed to act as an independent contractor in selling, promoting, and marketing Santanna's services to prospective customers. *Id.* ¶ 7. Adigwe is the president and owner of Liberal. *Id.* ¶ 6.

Santanna moved for an entry of default as to Liberal and Adigwe on April 30, 2018. *See* Mot. Default, ECF No. 40. In the motion, Santanna stated that it had served Liberal and Adigwe on January 11, 2018, but that neither third-party defendant had appeared or filed a responsive pleading. *Id.* at 2–3. The Court granted the motion on May 8, 2018. *See* ECF No. 44. Several months later, on September 19, 2018, Santanna moved for a default judgment against Liberal and Adigwe. *See* Mot. Default J., ECF No. 65. The Court granted the motion on October 1, 2018. *See* Order of 10/1/18, ECF No. 69. Several weeks later, on October 24, 2018, the Court issued an order awarding Santanna attorneys' fees in the amount of $111,150.50 and costs in the amount of $13,139.34. *See* Fee Order, ECF No. 79. The award of fees and costs was against Liberal and Adigwe jointly and severally. *Id.*

Adigwe filed a petition to vacate the default judgment and the award of attorneys' fees and costs on February 21, 2019. *See* Mot. Vacate, ECF No. 89.

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The party seeking to vacate a default must show: (1) "good cause" for the default; (2) "quick action" to correct the default; and (3) a "meritorious defense" to the plaintiff's claim. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). A party's failure to make any of these three showings warrants denial of a motion to vacate. *See Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46–47 (7th Cir. 1994). A court's analysis is guided by the "policy [of] favoring trial on the merits over a default judgment." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

In his motion to vacate default, Adigwe argues that: (1) he was not properly served with the third-party complaint; (2) he is not subject to personal jurisdiction in Illinois; (3) the Court lacks subject-matter jurisdiction over Santanna's sole claim against him; and (4) the judgment and award of attorneys' fees were obtained through misrepresentations.

## I.    Service of Process

Adigwe first contends that there is good cause for the default because he was not properly served with the third-party complaint. Santanna provided to the Court an affidavit of service showing that Adigwe was served at 2031 Ravenwood Road in Folcroft, Pennsylvania on January 11, 2018, at 9:30 a.m. *See* Adigwe's Mem. Supp. Mot. Vacate ("Mem. Supp."), Ex. C, ECF No. 98-3. "A process server's affidavit identifying the recipient and when and where service occurred is *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence." *Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015) (quotation marks and citation omitted).

Here, Adigwe provides an affidavit stating that he "was not present" at 2031 Ravenwood Road on January 11, 2018, but was in fact located at 5932 York Road in Philadelphia, Pennsylvania. Mem. Supp., Ex. B, ECF No. 98-2. But "[a] defendant's burden cannot be overcome by submitting an affidavit which merely denies that service happened . . . or was sufficient." *United States v. Tillman*, No. 12 CV 04035, 2015 WL 7300530, at *2 (N.D. Ill. Nov. 18, 2015); *accord Peralta v. El Tiburon, Inc.*, 252 F. Supp. 3d 658, 661 (N.D. Ill. 2017); *Strabala v. Zhang*, 318 F.R.D. 81, 116 (N.D. Ill. 2016); *Tonge v. Arantee Grp., LLC*, No. 1:12-cv-00570-JMS-MJD, 2015 WL 566784, at *5 (S.D. Ind. Feb. 11, 2015). Adigwe contends that his affidavit does not simply deny that he was served, rather it "specifically and expressly denies being served and identifies where he was at the time of the alleged service." Adigwe's Reply Supp. Mot. Vacate ("Reply Supp.") at 2, ECF No. 105. This is a distinction without a difference. The affidavit is merely a denial that Adigwe was present at the address listed on the affidavit of service on the date in question, with no further support or corroboration. More is needed to overcome the presumption of valid service. *See, e.g.*, *Durukan*, 787 F.3d at 1164 (defendant produced employment records corroborating his affidavit stating that he was at work at the alleged time of service).

Accordingly, the Court concludes that Adigwe has failed to show "good cause" for the default in this regard.

## II.    Personal Jurisdiction

Adigwe next contends, however, that the Court lacks personal jurisdiction over him. "When a district court enters a default judgment without personal jurisdiction over the defendant, the judgment is void, and it is a *per se* abuse of discretion to deny a motion to vacate that judgment." *be2 LLC v. Ivanov*, 642 F.3d 555, 557 (7th Cir. 2011) (quotation marks and citation omitted). A district court exercising diversity jurisdiction applies the personal jurisdiction rules of the state in which it sits. *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). In Illinois, the long-arm statute provides that the Due Process Clause of the Fourteenth Amendment sets the outer limits of a court's personal jurisdiction. *Id.*; 735 Ill. Comp. Stat. 5/2-209(c). The Seventh Circuit has recognized that there is generally "no operative difference" between Illinois and federal constitutional limits on personal jurisdiction. *Hyatt Int'l Co. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

There are two forms of personal jurisdiction: general and specific. "If the defendant's contacts are so extensive that it is subject to general personal jurisdiction, then it can be sued in the forum state for any cause of action arising in any place. More limited contacts may subject the defendant only to specific personal jurisdiction, in which case the plaintiff must show that its claims against the defendant arise out of the defendant's constitutionally sufficient contacts with the state." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Adigwe argues that he is not subject to either form of personal jurisdiction in Illinois.

Because Adigwe "knew about [this] suit and chose to default rather than defend, he must bear the burden of proof on his post-judgment motion challenging personal jurisdiction." *be2 LLC*, 642 F.3d at 557 (citing *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986)). The Court concludes that Adigwe has met his burden on this issue.

3

### A. General Jurisdiction

For an individual defendant, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, there is no evidence to suggest that Adigwe is subject to general jurisdiction in Illinois, and Santanna argues only that he is subject to specific jurisdiction.

### B. Specific Jurisdiction

A court may exercise specific jurisdiction over a defendant when "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). "In either case, the ultimate constitutional standard is whether the defendant had 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *uBID, Inc.*, 623 F.3d at 425 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

The minimum-contacts analysis varies depending on the type of claim alleged. *See Felland v. Clifton*, 682 F.3d 665, 674 (7th Cir. 2012). Here, Santanna has alleged both contract and tort claims. For contract claims, the inquiry often turns on whether the defendant has "purposefully availed" himself of the privilege of conducting business or engaging in a transaction in the forum state. *Tamburo*, 601 F.3d at 702. And for tort claims, the inquiry focuses on whether the conduct underlying the claims was purposely directed at the forum state. *Id.* It must be the defendant's "suit-related conduct," meaning contacts the defendant created with the forum state, that forms the basis of personal jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

According to Adigwe, Santanna has failed to allege that he "purposely directed any activity to Illinois or purposely availed himself of the privilege of conducting business in Illinois." Mem. Supp. at 10, ECF No. 98. In response, Santanna points out that the Agreement "specifically identified Illinois as one of the territories that Liberal . . . would serve for Santanna," Santanna's Resp. Opp. Mot. Vacate ("Resp. Opp.") at 9, ECF No. 99, that the Agreement provided that Illinois law governed, and that the Agreement contained a forum selection clause pursuant to which Liberal "expressly consent[ed] to submit . . . to the jurisdiction of any state court located in DuPage County, Illinois and/or federal court located in the Northern District of Illinois." Third Party Compl., Ex. A, Agreement § 8.2, ECF No. 26. The problem with Santanna's reliance on these contractual provisions, however, is that Adigwe is not a party to the Agreement. Indeed, Adigwe did not even sign the agreement on Liberal's behalf. And what is more, Santanna's breach-of-contract claim is brought only against Liberal, not Adigwe. Accordingly, the contractual provisions provide no basis for subjecting Adigwe to specific jurisdiction in Illinois.

But Santanna also contends that Adigwe is subject to specific jurisdiction because he "directed Liberal's employees to make . . . telephone calls to Illinois residents and he profited from these calls when Santanna paid Liberal." Resp. Opp. at 9. But these facts do not appear in the third-party complaint, and the Court will not consider them. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (noting that it is

"axiomatic" that a plaintiff "may not amend [its] complaint in [a] response brief"). The sole substantive mentions of Adigwe in the third-party complaint are Santanna's allegations that Liberal and Adigwe intentionally misrepresented to Santanna that telemarketing calls would not be placed to numbers listed on the National Do Not Call Registry. *See* Third-Party Compl. ¶¶ 41–44, 46. But even if true, these allegations do not pertain to Adigwe's contacts with *Illinois*, as required to subject him to specific jurisdiction in this state.

Santanna nevertheless argues that Adigwe may be haled into court in Illinois because he is "subject to personal jurisdiction in Illinois to the same extent as Liberal[.]" Resp. Opp. at 9. But the cases cited in support of this argument are distinguishable. For example, in *Brujis v. Shaw*, 876 F. Supp. 975 (N.D. Ill. 1995), the court concluded that the defendants were subject to personal jurisdiction where they were alleged to have "authoriz[ed] and direct[ed] the use of [a] misleading . . . name in violation of the FDCPA" and neither "seriously contest[ed]" that such actions were sufficient to confer jurisdiction. *Id.* at 977, n.2. Here, there are no allegations in the third-party complaint that Adigwe authorized or directed calls that violated the TCPA. And in *Fountain Marketing Group, Inc. v. Franklin Progressive Resources, Inc.*, No. 96 C 2647, 1996 WL 406633 (N.D. Ill. July 16, 1996), the court found personal jurisdiction over a defendant who had executed a personal guaranty to be performed in the forum state. *Id.* at *5. As explained above, Santanna has alleged no such contacts between Adigwe and Illinois. Finally, in *Margulis v. Medical Parts International, Inc.*, No. 98 C 0714, 1999 WL 183648 (N.D. Ill. Mar. 25, 1999), the defendants "concede[d] that the court [could] exercise jurisdiction under the state long-arm statute[.]" *Id.* at *2. Here, Adigwe has made no such concession. Accordingly, the Court declines to find Adigwe subject to personal jurisdiction in Illinois solely on the basis of *Liberal*'s contacts with the state.

Because the Court concludes that Adigwe has met his burden of showing that he is not subject to personal jurisdiction in Illinois, his motion to vacate default is granted.[1] *See be2 LLC*, 642 F.3d at 557. The default judgment and fee award are vacated as to Adigwe.

Date: 10/28/19 /s John Z. Lee

---

[1] Because the default judgment is void for lack of personal jurisdiction, the Court does not reach Adigwe's argument concerning subject-matter jurisdiction over Count IV of the third-party complaint, nor does it consider his position that Santanna obtained the default judgment and fee award by way of misrepresentation.